UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL WILLIS,

        Plaintiff,                      CIVIL ACTION NO. 10-13493

       v.                           DISTRICT JUDGE GERALD E. ROSEN

COMMISSIONER OF               MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

        Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**I.    PROCEDURAL HISTORY**

      *A.    Proceedings in this Court*

On September 1, 2010, Plaintiff filed the instant suit seeking judicial review of the Commissioner's decision disallowing benefits (Dkt. No.1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying Plaintiff's claims for Child's Insurance Benefits and for Supplemental Security Income benefits (Dkt. No. 3) This matter is currently before the Court on cross-motions for summary judgment (Dkt. Nos. 12, 13). Plaintiff also filed a response brief (Tr. 14).

As discussed in greater detail below, I find that this case does not meet the requirements for a Sentence Six remand, which is Plaintiff's sole argument on appeal. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, Defendant's motion

for summary judgment be **GRANTED**, and that the findings and conclusion of the Commissioner be **AFFIRMED**.

### B.     *Administrative Proceedings*

On May 26, 2006, Plaintiff filed an application for Child Insurance Benefits (CIB), 42 U.S.C. §§ 416(I) and 402(d), alleging disability since January 1, 2006 (Tr. 74) due to a brain tumor and hormone replacement (Tr. 74).  The Michigan State Agency responsible for making disability determinations on behalf of the Commissioner denied Plaintiff's claim (Tr. 23-28).  *See* 20 C.F.R. §§ 404.1503 (State Agencies make disability determinations for the Commissioner).

Plaintiff sought appeal of the denial of his CIB application and filed a request for a *de novo* hearing before an Administrative Law Judge (ALJ) (Tr. 29).  On March 31, 2008, while Plaintiff's request for an administrative hearing was pending, Plaintiff filed an application for Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1383(c)(3) (Tr. 48-54), in which Plaintiff alleged disability since February 1, 2006 (Tr. 48, 74).  Plaintiff's application for SSI was escalated to the hearing level, and both applications (for CIB and for SSI) were considered together at the administrative hearing. On November 20, 2008, Plaintiff appeared without representation and testified at a hearing before ALJ Richard L. Sasena in Port Huron, Michigan (Tr. 375-92).  Annette Holder, a Vocational Expert (VE), also appeared and testified at the hearing.

Considering Plaintiff's age, education, past work experience, and residual functional capacity (RFC), as well as the testimony of the VE, the ALJ concluded in a decision dated April 14, 2009, that Plaintiff was not under a "disability," as defined by the Act because he remained capable of performing a significant number of jobs existing in the national economy (Tr. 15-22A).

Plaintiff filed a timely request for review of the ALJ's decision with the Appeals Council and asked the Appeals Council to hold the record open so that he could obtain additional evidence (Tr.

7-11). In particular, Plaintiff indicated that he intended to take the deposition of Dr. Bassem Dekelbab, Plaintiff's treating endocrinologist (Tr. 8). The Appeals Council held the record open but later pointed out that "[t]hrough December 2009, no [additional] information was submitted" (Tr. 2-2A). Consequently, on December 31, 2009, the Appeals Council denied Plaintiff's request for review of the ALJ's decision, thereby rendering the ALJ's decision the final decision of the Commissioner (Tr. 3-6).

Plaintiff contends that he submitted a request to the Appeals Council on January 7, 2010, to reopen the ALJ's decision "to permit the taking of the additional testimony." *See* Plaintiff's Brief (Pl.'s. Br.) at 3 citing Tr. 295-96. The Appeals Council stated, "[w]e have no record of this request" (Tr. 2A). On April 8, 2010, Plaintiff submitted additional evidence (AC Ex. 1 (Tr. 291-93) and AC Ex. 2 (Tr. 294-373)) to the Appeals Council (Tr. 2A). On August 13, 2010, the Appeals Council considered the additional evidence submitted by Plaintiff, denied his request to reopen the record, and granted his request for additional time to file a civil action (Tr. 2-2A). Plaintiff then initiated this civil action for judicial review.

## II.     STATEMENT OF FACTS

### A.     *ALJ Findings*

Plaintiff was 20 years old at the time of the most recent administrative hearing (Tr. 17). Plaintiff has past work history as a retail sales assistant, however, the ALJ found that Plaintiff's "earnings from this work do not meet substantial gainful activity guidelines, and therefore, the work does not meet the regulatory definition of past relevant work" (Tr. 21). The ALJ applied the five-step disability analysis to Plaintiff's claim and found at step one that Plaintiff had not engaged in substantial gainful activity since January 1, 2006 (Tr. 17). At step two, the ALJ found that Plaintiff had the following "severe" impairment: status-post craniotomy for pituitary adenoma. The ALJ also

found that Plaintiff has obesity; however, Plaintiff's obesity, "alone or in combination with his other impairment, does not significantly limit his physical or mental ability to do basic work activities. Therefore...the obesity is a non-severe impairment" (Tr. 18). At step three, the ALJ found no evidence that Plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.*

Between steps three and four, the ALJ found that Plaintiff had the Residual Functional Capacity (RFC) to perform "light work...with a sit/stand option and occasional climbing, balancing, stooping, kneeling, crouching and crawling" (Tr. 18). At step four, the ALJ found that Plaintiff had no past relevant work (Tr. 20). At step five, the ALJ denied Plaintiff benefits, because the ALJ found that Plaintiff was able to perform jobs that exist in significant numbers in the national economy (Tr. 21).

### B.   *Administrative Record[1]*

Almost six months after the ALJ issued his unfavorable decision, Plaintiff obtained counsel who took a deposition of Dr. Bassem Dekelbab on November 13, 2009 (Tr. 297-323). Dr. Dekelbab testified that he was a pediatric endocrinologist and had seen Plaintiff since January of 2006 (Tr. 300-01). He reported that Plaintiff's initial complaints were abnormal weight gain and short stature (Tr. 301). Dr. Dekelbab ultimately diagnosed Plaintiff with a "brain tumor called craniopharyngioma," and explained that "[led] to significant pressure on [Plaintiff's] pituitary gland with subsequent growth hormone and thyroid deficiencies" (Tr. 301). He stated that Plaintiff "underwent surgical resection successfully but this [led] to complete hormonal deficiency from his

---

[1] Plaintiff's sole challenge on appeal is that this matter should be remanded pursuant to Sentence Six of 42 U.S.C. 405(g) for consideration of the additional evidence he submitted to the Appeals Council. *See* Pl.'s. Br. at 6-9. Specifically, Plaintiff contends that the deposition of Dr. Dekelbab, which he submitted to the Appeals Council six months after the ALJ's decision, warrants remand under Sentence Six of 42 U.S.C. § 405(g). In light of Plaintiff's argument on appeal, a detailed summary of the medical evidence is unnecessary, and only Dr. Dekelbab's deposition will be discussed.

interior and posterior pituitary gland" (Tr. 301). Dr. Dekelbab testified that Plaintiff would require "hormonal replacement for the rest of his life" (Tr. 304). Dr. Dekelbab stated, "[o]ur experience was that people with adrenal insufficiency never have a normal life. They always have a low quality of life with fatigue. And part of our expertise, we follow a large number of teens and kids who have this problem and they are not able to handle stress well" (Tr. 306). He described the possible side effects from hormone replacement as including vomiting, headaches, and fatigue (Tr. 307-08). Dr. Dekelbab testified that Plaintiff's compliance with taking medications was "[e]xcellent" (Tr. 310). He also testified, "[i]t would be very hard for a person who carries a regular job to handle that without insurance" (Tr. 310). Dr. Dekelbab added, "I do not expect [Plaintiff] to be able to hold a regular job especially if there is ongoing stresses, including physical, mental or even weather challenges" (Tr. 315). Dr. Dekelbab acknowledged that Plaintiff's "medical exams obviously were indicating that he doesn't have neurological deficits. And that he does not have clinical signs of hormonal deficiency. But again, you know, we're talking about quality of life which is not something that I'm going to find on my physical exam" (Tr. 318). With respect to physical restrictions, Dr. Dekelbab opined that Plaintiff "should be avoiding extreme temperatures, whether it is too hot or too cold outside. And he should not expose himself to strenuous exercise. And if he elects to do any strenuous exercise it should be limited in time and it should be done around another person who is aware of his disease in case he crashes" (Tr. 319).

### III.   DISCUSSION

####     A.   *Standard of Review*

In enacting the Social Security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *See Sullivan v. Zebley*, 493 U.S.

521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Id.*; *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir. 1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may...consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations

based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting, Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *See Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *See Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing

in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed.Appx. 521, 526 (6th Cir. 2006).

### B. *Governing Law*

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord, Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program ("DIB") of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program ("SSI") of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, *Federal Disability Law and Practice* § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also*, 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two: If the claimant does not have a severe impairment or combination of impairments, that "significantly limits...physical or mental ability to do basic work activities," benefits are denied without further analysis.

-8-

> Step Three: If the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Carpenter v. Comm'r of Soc. Sec.*, 2008 WL 4793424 (E.D. Mich. 2008), citing, 20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by his impairments and the fact that he is precluded from performing his past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

### C.     *Analysis and Conclusions*

As noted earlier, Plaintiff's sole argument on appeal is that the additional evidence he submitted to the Appeals Council (Tr. 291-373) in connection with his request for review of ALJ Sasena's decision supports remand pursuant to Sentence Six of 42 U.S.C. § 405(g). *See* Pl.'s. Br. at 6-9. Specifically, Plaintiff contends that the November 13, 2009 deposition of Dr. Dekelbab, his

treating physician, "might have clarified the situation for the ALJ, had he had access to it." *Id.* at 8. Plaintiff avers that "it is not difficult to see that the ALJ would likely have reached a different conclusion, had he been presented with the deposition in question." *Id.* at 9.

Indeed, Sentence Six is the sole means for which to admit this additional evidence. In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the Court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of a substantial evidence review.

Under Sentence Six of 42 U.S.C. § 405(g), Plaintiff has the burden to demonstrate that Dr. Dekelbab's deposition is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding. *See Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x. 593, 598–99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r of Soc. Sec.*, 97 F. Appx. 589, 592 (6th Cir. 2004) (the claimant's decision

to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r of Soc. Sec.*, 79 F. Appx. 852, 859 (6th Cir. 2003).

In the view of the undersigned, Plaintiff has not carried his burden of demonstrating "good cause" for failing to obtain Dr. Dekelbab's deposition prior to the hearing. Plaintiff's primary "excuse" for not obtaining Dr. Dekelbab's deposition prior to the hearing is that Plaintiff was unrepresented by counsel. Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110–111 (2000). As a general rule, a claimant seeking disability insurance benefits (DIB) or SSI from the Social Security Administration is required to obtain the evidence in support of the claim:

> In general, you have to prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis. We will consider only impairment(s) you say you have or about which we receive evidence.

20 C.F.R. § 404.1512(a).

An exception to this rule requiring a claimant to furnish evidence in support of his claim exists with respect to an unrepresented claimant at an administrative hearing who has "special circumstances" which prevent him from adequately presenting his case. *See, e.g., Lashley v. Sec'y of Health and Human Servs.*, 708 F.2d 1048, 1049–52 (6th Cir. 1983) (court found that the ALJ had failed to develop a "full and fair record" during an administrative hearing where the claimant: was 79 years old; was unrepresented by counsel; had a fifth grade education; had suffered two strokes; had trouble reading, writing, and reasoning; and received only a superficial examination by the ALJ that failed to take account of the claimant's obvious confusion and inability to effectively present his

case). When such special circumstances exist, the ALJ has a "special duty" to develop the record and "to be especially probing in his questioning" to ensure a fair hearing for the claimant. *Id.* at 1052.

The ALJ's special duty to develop a full and fair record, however, does not apply to all unrepresented claimants. "[W]hen a claimant appears without counsel, the mere fact that a claimant was unrepresented is not grounds for reversal" *Duncan v. Secretary of Health & Human Services*, 801 F.2d 847, 856 (6th Cir. 1986). "Rather, we examine each case on its own merits to determine whether the ALJ failed to fully develop the record and therefore denied the claimant a full and fair hearing." *Id.*; *See Lashley*, 708 F.2d at1052 (whether an ALJ failed to fully develop the record is determined on a case by case basis, keeping in mind that a claimant can waive his statutory right to counsel under 20 C.F.R. § 404.971). Thus, the ALJ's special, heightened duty to develop the record is triggered when three special circumstances exist: the claimant is without counsel; the claimant is not capable of presenting an effective case; and, the claimant is unfamiliar with hearing procedures. *See Wilson v. Comm'r of Soc. Sec.*, 280 F. Appx. 459 (6th Cir. 2008), citing *Lashley*, 708 F.2d at 1051–52; *Nabours v. Comm'r of Soc. Sec.*, 50 Fed. Appx. 272, 275 (6th Cir. 2002).

I find that the ALJ's special duty to develop the record did not arise in this particular case. While Plaintiff was unrepresented by counsel, he does not claim that the other special circumstances exist. At the time of the administrative hearing, Plaintiff was a 20 year old high school graduate, who was attending college in Grand Rapids, Michigan (Tr. 382). The length of the hearing and the ALJ's questioning of Plaintiff reflect a detailed inquiry by the ALJ regarding Plaintiff's education, medical condition, work limitations, and plans for the future. Unlike the claimant in *Lashley*, Plaintiff expressed an understanding of the proceedings, gave frank answers, and articulated his position coherently to the ALJ. Accordingly, special circumstances did not exist in this case which

triggered the ALJ's special duty to develop the record for Plaintiff. Thus, Plaintiff's proffered "excuse" for failing to procure Dr. Dekelbab's deposition earlier is not well-taken.

Turning back to the "good cause" requirement of Sentence Six, significantly, the good cause requirement is not satisfied simply because this evidence did not exist at the time of the ALJ's decision. *See Niederhauser v. Sec'y of Health & Human Servs.*, No. 91-3716, 1992 WL 73132, at *4 (6th Cir. Apr. 10, 1992) ("New evidence created after the hearing does not satisfy the good-cause requirement"); *see also Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989) ("The mere fact that a medical report is of recent origin is not enough to meet the good cause requirement."). Rather, in *Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984), the Sixth Circuit held that in order to show good cause a plaintiff must give a valid reason for his failure to obtain evidence prior to the administrative hearing. In this case, there was nothing preventing Plaintiff from obtaining a statement from or taking the deposition of Dr. Dekelbab prior to the ALJ's hearing. *See Anderson v. Bowen*, 868 F.2d 921, 928 (7th Cir. 1989) ("Where, as here, the reasons for pursuing additional evidence are apparent while the case is still subject to administrative review, and there is no impediment to obtaining the evidence, no good cause has been demonstrated for failing to bring the evidence to the Secretary's attention."); *Pierre*, 884 F.2d at 804 (no good cause because evidence could have been obtained at any time); *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987) (no good cause when evidence could have been obtained earlier); *Edwards v. Comm'r of Soc. Sec.*, 654 F.Supp.2d 692, 701-02 (W.D. Mich. 2009) ("Edwards makes no attempt to explain why she could not have obtained Cunningham's opinion before the ALJ hearing – or at least before the ALJ's decision – through the exercise of due diligence").

Furthermore, I find that Dr. Dekelbab's deposition and the other additional evidence Plaintiff submitted to the Appeals Council is not likely to have changed the outcome of the ALJ's decision.

Thus, Plaintiff also cannot satisfy the "materiality" component of Sentence Six. *See Sizemore*, 865 F.2d at 711 ("In order for the claimant to satisfy this burden of proof as to materiality, he must demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence"). A review of the record shows that the ALJ already had before him extensive treatment records from Dr. Dekelbab (Tr. 175-76, 178, 180-81, 183-84, 189-90, 195-97, 199-211, 217-18, 233-34, 235-36, 243-44, 254-55, 261-62, 269-70). As the Appeals Council observed, "Dr. Dekelbab provided general information about [Plaintiff's] medical condition and his opinion that the medical condition may cause fatigue and other symptoms. However, his deposition does not provide any information that differs in any significant degree from the evidence already before the [ALJ] at the time he issued his decision" (Tr. 2A). *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990) ("merely cumulative" evidence not "material"). Consequently, the Appeals Council properly observed that "Dr. Dekelbab's deposition does not constitute new and material evidence" (Tr. 2A).

In sum, Plaintiff has not demonstrated that remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is warranted; I recommend that Plaintiff's request for a Sentence Six remand be denied.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that the findings and conclusion of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon<br>Mark A. Randon<br>United States Magistrate Judge

Dated:  November 18, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, November 18, 2011, electronically.*

*s/Melody R. Miles*<br>*Case Manager to Magistrate Judge Mark A. Randon*<br>*(313) 234-5542*