UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES MICHAEL WILLIS,

    Plaintiff,

v.

                        Case No. 10-13493
                        Hon. Gerald E. Rosen
                        Magistrate Judge Mark A. Randon

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

    At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on       February 16, 2012     

    PRESENT: Honorable Gerald E. Rosen
                       Chief Judge, United States District Court

On November 18, 2011, Magistrate Judge Mark A. Randon issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff James Michael Willis's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment. Plaintiff filed objections to the R & R on December 2, 2011. Having reviewed the R & R, Plaintiff's objections, the parties' underlying summary judgment motions, and the administrative record, the Court overrules Plaintiff's objections and adopts the R & R in its entirety.

As explained by the Magistrate Judge, the sole issue raised in this case is whether

this matter should be remanded for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), in light of the additional evidence Plaintiff submitted to the Appeals Council.  As stated in the R & R, this additional evidence — namely, the deposition testimony of one of Plaintiff's treating physicians, Dr. Bassem Dekelbab — warrants a remand only upon a showing that this evidence "is 'new' and 'material' and that there is 'good cause' for failing to present this evidence in the prior proceeding."  (R & R at 10 (citations omitted).)  The Magistrate Judge found that these standards had not been met, as Plaintiff had not shown "good cause" for failing to submit this additional evidence (or its equivalent) in the course of the proceedings before the Administrative Law Judge ("ALJ"), and had also failed to show that this evidence was "material."  In his present objections, Plaintiff challenges each of these findings.

 First, regarding the issue of "good cause," Plaintiff contends that the Magistrate Judge "failed to properly consider the nature of the additional evidence in question" — namely, deposition testimony in which Plaintiff's treating physician, Dr. Dekelbab, endeavored to "explain the difference between [P]laintiff's underlying condition, hypopituitarism," and a "symptom of that condition" — a pituitary tumor — which, in Plaintiff's view, the ALJ mistakenly characterized as Plaintiff's sole impairment.  (Plaintiff's Objections at 2.)  Yet, while Plaintiff and his present counsel opted for a deposition as the preferred vehicle for highlighting this distinction between an underlying condition and a symptom, there is no reason why Dr. Dekelbab, or another of Plaintiff's treating physicians, could not have explained this same point in a statement or report.

This explanation, after all, rests upon medical knowledge and expertise and an understanding of Plaintiff's health, treatment history, and medical conditions, rather than legal distinctions that are more effectively brought out by counsel. Under these circumstances, the Court agrees with the Magistrate Judge that nothing prevented Plaintiff from obtaining a comparable statement from Dr. Dekelbab prior to the hearing before the ALJ. (*See* R & R at 13.)[1]

Indeed, the administrative record compiled in advance of the ALJ's decision already included medical records and reports that draw the very same distinction that Plaintiff and his counsel seek to highlight through Dr. Dekelbab's deposition testimony. In particular, this administrative record included at least four statements from physicians who specifically opined that, despite the successful surgery to remove a pituitary tumor, Plaintiff continued to suffer from a "chronic, life long condition" and "permanent multihormone deficiencies" that imposed "significant long term health needs" and would "require[] replacement hormone therapy for the rest of [Plaintiff's] life." (Admin. Record

---

[1]In his objections, Plaintiff suggests that because he was unrepresented by counsel during the proceedings before the ALJ, the responsibility for eliciting such a statement or explanation from Dr. Dekelbab should have fallen to the ALJ, in light of the "special duty" owed by an ALJ to develop a full and fair record when a claimant appears without counsel. (Plaintiff's Objections at 2-3.) Yet, the Magistrate Judge determined that no such special duty arose under the facts of this case, (*see* R & R at 12-13), and the Court fully concurs in this analysis. To the extent that Plaintiff contends that the Magistrate Judge erroneously applied a "bright line test" in reaching this conclusion, (*see* Plaintiff's Objections at 3), the Court notes that the three factors invoked by the Magistrate Judge were expressly derived from Sixth Circuit case law, (*see* R & R at 12 (citing cases)). Moreover, the Magistrate Judge properly looked to the facts of this specific case in addressing these factors, (*see id.*), in full accordance with the Sixth Circuit law that mandates a "case by case" analysis. *See Lashley v. Secretary of Health & Human Services,* 708 F.2d 1048, 1052 (6th Cir. 1983).

at 283-86.)  In fact, one of these statements was from Dr. Dekelbab, (*see id.* at 284), and both he and another physician expressly diagnosed Plaintiff as suffering from hypopituitarism, (*see id.* at 284, 286).[2]

Under this record, it appears that the true purpose of Dr. Dekelbab's deposition is not to overcome a deficiency in the administrative record compiled before the ALJ, but to support the claim of Plaintiff and his counsel that the ALJ did not properly analyze this existing record.  To the extent that Plaintiff could have more effectively guided and influenced the ALJ's analysis if he had been represented by counsel during the proceedings before the ALJ, the Defendant Commissioner correctly observed in his underlying summary judgment motion that Plaintiff knowingly and voluntarily waived his right to representation during this phase of the administrative proceedings.  (*See* Defendant's Motion, Br. in Support at 3 n.4.)   Moreover, regardless of whether any such claimed defects in the ALJ's analysis would support a substantive challenge to the ALJ's decision, it does not provide a basis for the sole relief sought by Plaintiff, a sentence six remand.

This same reasoning largely defeats Plaintiff's objection to the Magistrate Judge's finding that Dr. Dekelbab's deposition does not satisfy the "materiality" element of the standard for a sentence six remand.  As explained, and as stated in the R & R, (*see* R & R

---

[2]This same diagnosis, along with discussions of Plaintiff's then-current condition, can be found in several earlier reports prepared by Dr. Dekelbab and included in the administrative record.  (*See id.* at 233-34, 235-36, ,243-44, 254-55, 269-70.)

4

at 14), Dr. Dekelbab's deposition testimony was merely cumulative of evidence in the existing medical record, including (i) diagnoses of Plaintiff as suffering from the same condition identified in this deposition testimony, and (ii) statements by Plaintiff's physicians emphasizing that this is a chronic, life-long condition that would require ongoing treatment and careful, regular monitoring.  Although Dr. Dekelbab opined at his deposition that patients with this condition generally "have a low quality of life with fatigue," (Admin. Record at 306), the doctor had similarly noted Plaintiff's problems with fatigue in earlier reports in the existing administrative record, (*see id.* at 233, 284), and the ALJ expressly addressed this issue in his decision, finding that Plaintiff's bouts of fatigue did not render him disabled, (*see id.* at 20).  Again, while the Court recognizes that Plaintiff disagrees with the ALJ's conclusion on this point, and that Plaintiff and his counsel view the ALJ's analysis as resting upon a misunderstanding of Plaintiff's underlying medical condition, the Court agrees with the Magistrate Judge that the evidence that Plaintiff proposes to use to overcome this purported misunderstanding does not qualify as "material" under sentence six of § 405(g).

   Accordingly, for these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's objections to the Magistrate Judge's November 18, 2011 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED in its entirety, as supplemented by the rulings in this opinion and order. Finally, IT IS FURTHER ORDERED that, for the reasons set forth above and in the Magistrate Judge's Report and Recommendation, Defendant's April 6, 2011 motion for summary judgment (docket #13) is GRANTED, and Plaintiff's March 7, 2011 motion for summary judgment (docket #12) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated:  February 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2012, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager